UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

DERRICK CASADO,
                       Defendant.

19-CR-761 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

On October 25, 2024, Defendant Derrick Casado, proceeding *pro se*, filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his sentence under Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively.* (ECF No. 435 ("Mot.").)

Per the Sentencing Commission's Policy Statement 1B1.10, with an exception for cooperators that is not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). That provision is binding on this Court. *See United States v. Erskine*, 717 F.3d 131, 139 (2d Cir. 2013).

Casado is ineligible for a reduction in his sentence. At sentencing, he was assessed one criminal history point for the commission of a prior offense, plus two "status points" pursuant to

---

* Casado's motion cites 18 U.S.C. § 3582(c)(1)(A), which permits a district court to reduce the term of imprisonment of a defendant upon, *inter alia*, a finding that "extraordinary and compelling reasons warrant such a reduction" or that "the defendant is at least 70 years of age, has served at least 30 years in prison," and is the subject of a positive determination by the Director of the Bureau of Prisons. *See* 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). Casado does not make arguments for his eligibility under § 3582(c)(1)(A), nor can the Court identify them. Thus, the Court treats the motion as one for retroactive application of Amendment 821, under § 3582(c)(2), for which Casado does argue he is eligible (*see* Mot. at 1-2).

1

then-applicable Section 4A1.1 for the commission of the instant offense while under a criminal justice sentence. (ECF No. 335 ("First PSR") at 23.) Per the Sentencing Guidelines, Casado's three criminal history points placed him in criminal history category II. (*Id.*) His original guidelines range was 135 months to 168 months, with a ten-year mandatory and consecutive term on Count 7 to follow. (ECF No. 419 ("Revised PSR") at 3.) He was sentenced to 120 months on Count 7 and seventy-two months to run consecutively, for a total of 192 months. (*See* ECF No. 392.) The amended Section 4A1.1 adds zero criminal history points for the commission of the instant offense while under a criminal justice sentence if the defendant has six or fewer criminal history points regardless of status. *See* U.S.S.G. 4A1.1(e). Because Casado has only one criminal history point regardless of status, Amendment 821 eliminates his Section 4A1.1 status points, reducing his criminal history points from three to one and placing him in criminal history category I, rather than II. (*See* Revised PSR at 3.) In that category, his revised guidelines range is 121 months to 151 months, with a ten-year mandatory and consecutive term on Count 7 to follow. (*Id.*) Because Casado's amended guidelines sentence is still higher than the sentence he received, he is ineligible for a reduction under Amendment 821. *See* U.S.S.G. § 1B1.10(b)(2)(A).

Casado's motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 435.

SO ORDERED.

Dated: November 26, 2024
       New York, New York

                                                          J. PAUL OETKEN
                                                   United States District Judge