UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

DERRICK CASADO,
                Defendant.

19-CR-761 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      On February 11, 2025, Defendant Derrick Casado, proceeding *pro se*, filed a motion—styled as a supplement to a since-denied motion (*see* ECF No. 438)—pursuant to 18 U.S.C. § 3553(f) for a reduction of his sentence under the "safety valve" provision of that Section. (ECF No. 439 ("Mot.").)  That provision, which was amended by the First Step Act of 2018, permits district courts to impose sentences notwithstanding the mandatory minimum sentences for particular drug offenses if the defendant satisfies enumerated criteria.  *See Pulsifer v. United States*, 601 U.S. 124, 127 (2024).  Casado argues that he is eligible for such a reduction because "(1) the defendant does not have more than 4 criminal history points, (2) the offense did not result in death or serious bodily injury, and (3) that no later than the time of the sentencing hearing the defendant had truthfully provided to the government all information and evidence the defendant had concerning his offenses."  (Mot. at 5.)  Casado's list apparently references the first, third, and fifth requirements of Section 3553(f).  But Casado fails to reference other requirements of that provision (which were not amended by the First Step Act), including that "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense."  18 U.S.C. § 3553(f)(2).  As the Court noted at sentencing, "Casado pleaded guilty to two counts, using and carrying a forearm during and in relation to a crime of violence, which was brandished and discharged; and conspiracy to

1

distribute narcotics." (ECF No. 393 at 2:12-2:15.) And at his plea hearing, Casado testified: "I participated in crimes through my association with a gang in the Bronx. As an associate of the gang, I sold drugs and committed a shooting." (ECF No. 313 at 13:17-13:19.) Accordingly, Casado is ineligible for a reduction in his sentence under the safety valve for failure to satisfy Section 3553(f)(2).

Casado's motion for a reduced sentence under 18 U.S.C. § 3553(f) is denied.

The Clerk of Court is directed to close the motion at ECF No. 439.

The Clerk is also directed to mail (1) a copy of this Order, **and** (2) a copy of the Court's Order at ECF No. 438, to the following address:

Derrick Casado
# 87340-054
USP Canaan
3057 Eric J. Williams Memorial Drive
Waymart, PA 18472

SO ORDERED.

Dated: February 13, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge

2